IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER THIRTEEN |
| ROSS WILLIAM ROGGIO, | : | BANKRUPTCY NO.: 5-17-bk-02119-JJT |
| DEBTOR | : | |
| KRISTY LYNN ROGGIO | : | {**Nature of Proceeding**: Motion to Dismiss (Doc. #5)} |
| PLAINTIFF | : | |
| vs. | : | |
| ROSS WILLIAM ROGGIO | : | |
| DEFENDANT | : | ADVERSARY NO.: 5-17-ap-00106-JJT |

# OPINION

Kristy Lynn Roggio, estranged spouse of the Debtor, has filed a Complaint to avoid a fraudulent transfer against the Debtor, Ross William Roggio. Prior to Ross' bankruptcy, he entered into a property settlement agreement with Kristy, a term of which required a turnover of real estate from Kristy to Ross. This transfer was made. Shortly thereafter, the federal government seized property from Ross, which ostensibly forced Ross to file Chapter 13 bankruptcy. The Debtor-Defendant has responded with a Motion to Dismiss arguing that the Marital Settlement Agreement that formed the basis of the transfer, somehow insulates the transaction from being reversed. No support for that proposition has been offered.

The Court is not unfamiliar with complaints to avoid fraudulent transfers, the bulk of which are filed under 11 U.S.C. § 548 by a trustee, or debtor in possession. Occasionally, a complaint is filed under the Pennsylvania Uniform Fraudulent Transfer Act (PUFTA). 12 Pa.C.S. § 5101 et. seq. While the Complaint includes language in PUFTA, this Complaint is

somewhat different. It is a straight-up request to avoid a transfer to the Debtor-Defendant that the Plaintiff argues was orchestrated by fraud prior to the bankruptcy. Pennsylvania law does recognized the application of a constructive trust in cases of wrongdoing. *In re Sacred Heart Hosp. of Norristown*, 175 B.R. 543, 555 (Bankr. E.D.Pa. 1994). Furthermore, the imposition of a constructive trust is applicable in bankruptcy cases in our Circuit. *In re Columbia Gas Sys. Inc.*, 997 F.2d 1039, 1056 (3rd Cir. 1993).

Federal Rule of Civil Procedure 9(b), applicable to bankruptcy cases by Federal Rule of Bankruptcy Procedure 7009, requires that a party must state "with particularity the circumstances constituting fraud." This Complaint alleges that the Debtor-Defendant secured transfer of the real estate when the Debtor-Defendant knew that he did not have the wherewithal to provide consideration for such. I deem this statement provided the specificity required by the Rule.

In addition, Federal Rule of Bankruptcy Procedure 7001 specifically authorizes a complaint in bankruptcy as an appropriate vehicle to recover property as well as to determine an interest in property.

I am satisfied that the Motion to Dismiss should be denied.

My Order is attached.

By the Court,

_____
John J. Thomas, Bankruptcy Judge (CMP)

Date: February 9, 2018